## G. H. GIDDINGS v. THE STATE.

### No. 3448. Decided October 10, 1906.

**Injuring Fence of Another—Crossing River in Boat.**

Where upon trial for knowingly injuring the fence of another, the testimony showed that defendant was in the habit of crossing the river in the prosecutor's boat, and that the latter had permitted the general public to do so, but that a month or so before the alleged transaction had locked the boat by a chain to his fence, and had no longer permitted the use of it by the public; but that defend-

ant still believed he had a right to use the boat and that the same belonged to the county, or was under its supervision. Held, there was no offense if defendant acted in good faith in using the boat, although this might have involved the breaking of the fence.

Appeal from the County Court of Chambers. Tried below before the Hon. W. B. Gordon.

Appeal from a conviction for wilfully injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

*H. E. Marshall* and *E. B. Picket, Jr.,* for appellant.—Giddings v. State, 11 Texas Ct. Rep., 583.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of injuring a fence, and his punishment fixed at a fine of $10; hence this appeal. This case was reversed on former appeal because of the insufficiency of the evidence. See 11 Texas Ct. Rep., 583. On this trial the State introduced two more witnesses, strengthening the case in some respects.

Appellant makes no contention that the fence was not under the protection of the law, and if he knowingly injured the same he is amenable. We understand his defense to be that he had been accustomed to use the boat in order to cross the Trinity River at that point, with the tacit consent of the owner Mays. It appears to be conceded by the State, that the boat had been formerly used as a general crossing by persons who had occasion to pass that way and cross the river at that point. But some month or so before the alleged transaction, Mays (the owner) had locked the boat by a chain to his fence, and no longer permitted the use of it by the general public. Whatever may be said of the changed condition as to the use of the boat, and notice given by locking it to the fence, there is some evidence to the effect that appellant believed he had a right to use that boat; that the same belonged to the county or was under the supervision of the county. There is testimony to the effect that the county judge had informed appellant the county had that boat in charge for the use of the public. Now, if appellant in good faith believed that he had a right to use said boat in crossing the stream, he was authorized to use it even though this might involve breaking the fence to get the use of the boat. The court charged the jury on this phase of the case but burdened his charge with an instruction to the effect, if he used it honestly and in order to get out of an approaching storm, he had a right to do so; and if he injured the fence in doing so, he would not be guilty. If he had a right to use this boat in crossing the river, he had a right to use it regardless of whether the storm was approaching. We fail to find from the evidence that any storm

was threatening at the time appellant crossed the river in the boat. There is some testimony to the effect that he had been in the rain before he got to the river, but no testimony that a storm was then brewing. He says himself that he crossed the river because he wanted to get home. We do not believe the court was authorized to burden the charge in favor of appellant with any charge relating to a storm. The judgment is reversed and the cause remanded.

*Reversed and remanded.*